**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
OCT - 3 2014
AT 8:30 ______M
WILLIAM T. WALSH CLERK

ALFREDO FRANCESCO RUFFOLO, CHRISTINE RUFFOLO, et al.,

Plaintiffs,

v.

HSBC BANK USA, N.A., as trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-0017, et al.,

Defendants.

Civil Action No. 14-638 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon the separate motions to dismiss filed by Defendant HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-0017 ("HSBC") (ECF No. 6) and Defendants Zucker, Goldberg & Ackerman, LLC and Michael S. Ackerman, Esq. ("Zucker Goldberg") (ECF No. 21) (collectively "Defendants"). Through its Motion to Dismiss, HSBC seeks only to dismiss Count One of Plaintiffs Alfredo Francesco Ruffolo and Christine Ruffolo's ("Plaintiffs") Verified Complaint ("Complaint"). Plaintiffs filed opposition to HSBC's Motion (ECF No. 8), and HSBC replied (ECF No. 9). Zucker Goldberg, through their Motion to Dismiss, seek dismissal of Plaintiffs' Complaint on all counts, and Plaintiffs have informed the Court, by correspondence dated July 17, 2014, they are not opposing Zucker Goldberg's Motion to Dismiss. (ECF No. 22.) The Court has decided this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court must

abstain from hearing Plaintiffs' case pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and thus, Plaintiffs' Complaint is dismissed without prejudice.

## I. BACKGROUND

The instant matter arose out of the foreclosure action on the real property owned by Plaintiffs located at 400 Warren Street, Stewartsville, New Jersey (the "Property"). Plaintiffs purchased the Property in 2002, and in 2007, Plaintiffs refinanced the loan secured by the note and mortgage on the Property. (Compl., ECF No. 3.) Plaintiffs allege that at some later date the note and mortgage were sold to another entity, presumably HSBC. (*Id.*) Plaintiffs allege that in or around July 2009, HSBC "made false and fraudulent representations of fact to [P]laintiffs in an effort to persuade them to 'stop paying their Note' for 90 consecutive days," and once Plaintiffs stopped paying for 90 days, Plaintiffs "would be **guaranteed to qualify** and receive a novation or loan modification." (*Id.* at 9.) Plaintiffs relied on HSBC's representations. (*Id.*) Plaintiffs allege that their reliance on HSBC's representations resulted in HSBC declaring default on Plaintiffs' mortgage and HSBC commencing foreclosure proceedings. (*Id.*)

In December 2010, Zucker Goldberg filed a Complaint for Foreclosure on behalf of their client, HSBC, against Plaintiffs in the Superior Court of New Jersey, entitled *HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-017 v. Ruffolo, et al.*, Docket No. F-058732-10 (the "Foreclosure Action"). On or about January 24, 2011, Plaintiffs, through counsel, filed an Answer in the Foreclosure Action, which asserted affirmative defenses as to standing and fraud, and specifically that HSBC is "neither a possessor of the note, a holder in due course, or a non-holder with a right to enforce." (Zucker Goldberg's Br. Ex. C, ECF No. 21-3.)

On December 31, 2013, three years into litigation in the Foreclosure Action, Plaintiffs, acting *pro se*, removed the Foreclosure Action to this Court, styled *HSBC Bank USA v. Ruffolo, et al.*, Docket No. 13-07926. In their Notice of Removal, Plaintiffs asserted federal jurisdiction on the basis of "a *federal question*, the threatened actual taking of title and rights to deeded real property without due process." Notice of Removal, *HSBC Bank USA v. Ruffolo, et al.*, No. 13-07926 (D.N.J. Dec. 31, 2013). HSBC moved to remand the Foreclosure Action, and by Order dated September 8, 2014, this Court remanded the Foreclosure Action to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447. *HSBC Bank USA v. Ruffolo, et al.*, No. 13-07926 (D.N.J. Sept. 8, 2014).

On January 29, 2014, Plaintiffs, again proceeding *pro se*, initiated this action by filing a Complaint claiming that Defendants violated Plaintiffs' due process rights by instituting a foreclosure proceeding against the Property and included individual counts for negligence, declaratory relief, specific performance, accounting, breach of contract, violations of the Fair Debt Collections Practices Act ("FDCPA"), and fraud. (Compl., ECF No. 3.) *Pro se* Plaintiffs' Complaint alleges that HSBC has no ownership rights of the note or mortgage in question in the Foreclosure Action and that Defendants made fraudulent promises to Plaintiffs to induce Plaintiffs' default and the ensuing Foreclosure Action. (*Id.*) Plaintiffs contend that one or more of the issues raised in their Complaint would be sufficient to enjoin the Foreclosure Action. (*Id.*)

HSBC filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that Count One, negligence, is barred by the Economic Loss Doctrine. (HSBC's Br., ECF No. 6.) Additionally, Zucker Goldberg filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure arguing this action is not yet ripe for adjudication, as well as pursuant to Rule 12(b)(6), arguing that Counts One, Five, and Six should

3

be dismissed because each fails to state a claim upon which relief can be granted. (Zucker Goldberg's Br., ECF No. 21-1.) The Court need not reach the merits of those arguments. Instead, under the *Colorado River* doctrine, the Court dismisses Plaintiffs' Complaint in its entirety without prejudice.

## II.  DISCUSSION

### A.  Jurisdiction

This Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction to hear Plaintiffs' state law claims under 28 U.S.C. § 1367.

### B.  Analysis

A comparison of Plaintiffs' claims in the Complaint with Plaintiffs' claims in the earlier filed ongoing state court Foreclosure Action shows that Plaintiffs are attempting to have this Court interfere with the state foreclosure process and otherwise relitigate claims that are already being addressed in the state court. Plaintiffs bring this action to challenge HSBC's right to institute and perfect the pending Foreclosure Action, asserting that HSBC does not have standing to foreclose on the Plaintiffs' mortgage and fraud on the part of HSBC. (Compl., ECF No. 3.) Plaintiffs' claims in this action mimic Plaintiffs' affirmative defenses and counterclaims in the pending Foreclosure Action. (Zucker Goldberg's Br. Ex. C, ECF No. 21-3.) Because this Court will not interject itself into ongoing state court proceedings and possibly force an impermissible direct contradiction of any final judgment in the Foreclosure Action, the Court must abstain from deciding Plaintiffs' claims pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and the Court must dismiss Plaintiffs' case in its entirety.

The Supreme Court, in *Colorado River*, explained that federal district courts may abstain from hearing cases and controversies under "exceptional circumstances where the order to the

4

parties to repair to the State court would clearly serve an important countervailing interest." *Colorado River*, 424 U.S. at 813 (internal quotation marks omitted). It is axiomatic that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" by Congress. *Id.* at 817 (citing *England v. Louisiana State Bd. of Medical Examiners*, 375 U.S. 411, 415 (1964); *McClellan v. Carland*, 217 U.S., 268, 281 (1910); *Cohens v. Virginia*, 6 Wheat. 264, 404 (1821) (dictum)). The rule is well recognized that the "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* (internal quotation marks omitted). Nevertheless, in *Colorado River*, the Supreme Court recognized that there are certain limited circumstances in which a federal court may defer to pending state court proceedings based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.*

The threshold issue that must be decided in a *Colorado River* abstention case is whether the two actions are "parallel," meaning the "parallel" state proceeding involves the same parties and "substantially identical claims [raising] nearly identical allegations and issues." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) (internal quotation marks omitted). Once a court determines a parallel state proceeding is pending, the court must then consider six factors in weighing whether abstention is appropriate: "(1) which court first assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." *Id.* at 308 (internal quotation marks omitted).

In *DiPietro v. Landis Title Co.*, a bank brought a foreclosure action against a plaintiff in state court seeking foreclosure and possession. No. 11-5110, 2012 WL 2116404 (D.N.J. June 11, 2012). The plaintiff filed an answer to the foreclosure complaint and asserted defenses and counterclaims seeking, among other things, damages for fraud. While the state court action was still being litigated, the plaintiff brought claims in the district court against the bank, the law firm representing the bank in the foreclosure action, the title company, and the judge and law clerk whom the foreclosure proceedings were in front of in the state court. In the federal action, the plaintiff asserted that defendants violated numerous constitutional, statutory, and common law rights during their involvement in a state court foreclosure action. Pursuant to the *Colorado River* doctrine, the district court dismissed the federal action in its entirety holding that the two actions were parallel and substantially identical, and "they implicate important state interests—foreclosure of a property in New Jersey, the conduct of attorneys and judges in the state court, and the actions of a local bank and title company." *Id.* at *4.

Similarly, in *St. Clair v. Wertzberger*, a bank brought a foreclosure action against a plaintiff in state court, and the plaintiff failed to answer the foreclosure complaint. 637 F. Supp. 2d 251 (D.N.J. 2009). A Notice of Entry of Final Judgment was sent to the plaintiff, and the plaintiff filed a motion to set aside the judgment of foreclosure, which was denied. The plaintiff then filed a motion for reconsideration which was also denied, however, no final judgment was entered. The plaintiff subsequently brought an action in federal court against the attorneys whom represented the bank in the foreclosure proceeding asserting violations of the Fair Debt Collections Practices Act in their prosecution of the foreclosure of the plaintiff's home. The district court, like in *DiPietro*, held that pursuant to the *Colorado River* doctrine the district court must abstain from the federal action because the two actions were parallel and "a ruling in [the

6

district] court on plaintiff's claims would unnecessarily cause havoc with the rulings of the state court." *Id.* at 255.

By the same token, this action and the Foreclosure Action are parallel proceedings. Both cases involve essentially the same parties: Plaintiffs; Defendant HSBC Bank; and Zucker Goldberg, HSBC's attorneys in the Foreclosure Action. Additionally, these cases contain substantially identical claims raising nearly identical allegations and issues. Specifically, Plaintiffs claim in both actions that HSBC does not have standing in the Foreclosure Action and that Defendants made fraudulent promises to Plaintiffs to induce their default. In their opposition brief to HSBC's Motion to Dismiss, Plaintiffs even assert that the two cases "are inextricably intertwined in terms of cause of action [counts] and party identity." (Pls.' Opp. Br. at 2, ECF No. 8.) Both actions principally concern whether Defendants are entitled to foreclose on Plaintiffs' Property and, thus, are parallel for purposes of the *Colorado River* doctrine.

Furthermore, the six factors weigh in favor of abstention. First, the state court initially obtained jurisdiction and has been overseeing the litigation of the Foreclosure Action for more than three years, and the state also has jurisdiction over the *res*, Plaintiffs' home, which is located in New Jersey. Second, Plaintiffs' Complaint requests a declaration or injunction that would nullify or possibly contradict any ruling of the state court as to whether the transfer of title was proper. Any relief that could be granted by this Court would directly impact New Jersey's interest in protecting the authority of its judicial system. Like in *DiPietro*, these actions "implicate important state interests—foreclosure of a property in New Jersey, the conduct of attorneys . . . in the state court, and the actions of a local bank." *DiPietro*, 2012 WL 2116404, at *4. Moreover, a federal court ruling that the Foreclosure Action is impermissible and a contemporaneous state court judgment allowing the foreclosure "would throw into turmoil the

7

parties' rights and obligations over plaintiffs' home and mortgage, as well as the comity between courts." *St. Clair*, 637 F. Supp. 2d at 255. Third, Plaintiffs' claims and defenses are primarily based on state law, except for Plaintiff's FDCPA claim, which is based on federal law. While "the presence of federal-law issues must always be a major consideration weighing against surrender," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983), the state court is an adequate forum to review Plaintiffs' federal claims. Fourth, the state court is capable of protecting the interests of Plaintiffs in this litigation, and Plaintiffs' rights and claims may still be vindicated in the Foreclosure Action or through the state appellate process. Lastly, this Foreclosure Action has been ongoing for over three years in the county where the Property and Plaintiffs are located. Although not as inconvenient as the federal forum in *Colorado River*, this Court is located a significant distance away from the Property and the Foreclosure Action and would cause all parties several hours in travel time to litigate a "parallel" action in this forum.

Based on these factors and that a ruling in this Court on Plaintiffs' claim could unnecessarily cause havoc with the rulings of the state court, this Court must abstain from hearing Plaintiffs' case and must dismiss Plaintiffs' Complaint without prejudice. Plaintiffs may refile their claims in this Court once their state court action has reached a final resolution, if appropriate.[1]

### III. CONCLUSION

For the reasons set forth above, and for other good cause shown, the Court must abstain from hearing Plaintiffs' case pursuant to the *Colorado River* doctrine; thus, Plaintiffs' Complaint

---

[1] The Court notes that *res judicata* principles may then be implicated. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.")

is dismissed without prejudice. In light of the Court's decision, the Court need not address Defendants' arguments in support of dismissal. An Order consistent with this Opinion will be entered.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: October 3, 2014